# THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         )
                                     )
        v.                     )
                                     )     I.D. No. 75060892DI
STERLING HOBBS, a/k/a        )
AMIR FATIR,                 )
                                     )
        Defendant.      )

Date Submitted: October 12, 2022
Date Decided: October 28, 2022
*Date Corrected: November 18, 2022

*Upon Defendant's Motion for Transcripts in Capital Case*

**DENIED.**

**ORDER**

Sterling Hobbs, a/k/a Amir Fatir, Smyrna, Delaware, Defendant, *pro se.*

Sean P. Lugg, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, Delaware 19801, attorney for State of Delaware.

Kevin J. O'Connell, Esquire, Chief Defender, OFFICE OF DEFENSE SERVICES, 820 North French Street, Wilmington, DE 19801.

**WHARTON, J.**

* Corrected n. 17.

This 18th day of November, 2022, upon consideration of the Motion for Transcripts in a Capital Case, [1] filed by Sterling Hobbs a/k/a Amir Fatir ("Defendant"), and the record in this case, it appears to the Court that:

1. The Defendant seeks the transcripts of his 1976 capital murder trial. That trial result in the Defendant being convicted of first degree murder and other charges and sentenced to death. [2] The defendant's death sentence was vacated, along with that of all those of capital murder defendants, by order of the Delaware Supreme Court on October 22, 1976. [3] The Defendant was represented in that effort by counsel. [4] A sentence of life imprisonment without benefit of parole ultimately was imposed on the murder charge. [5] Following trial, transcripts were prepared of the Superior Court proceedings for purposes of appeal. [6] The Defendant's direct appeal, along with the direct appeals of his co-defendants, was unsuccessful. [7] He was represented on direct appeal by F.L. Peter Stone, Esquire of the firm of Connolly, Bove & Lodge. [8] With the assistance of the Public Defender's Office, he unsuccessfully sought postconviction relief in the Superior Court in 1987. [9] His appeal of that Superior Court decision, in which he also was represented by an

---

[1] D.I. 291.
[2] D.I. 70.
[3] *State v. Spence,* 367 A.2d 983 (Del. 1976).
[4] *Id.*
[5] D.I. 131.
[6] *See,* D.I. 75-86; 89-91; 94-97; 99, 101, 102, 104, 107-08; 110-22.
[7] *Hooks v. State,* 416 A.2d 189 (Del. 1980).
[8] *Id.*
[9] *State v. Hobbs,* 1987 WL 8269 (Del. Super. Ct. Mar. 10, 1987).

assistant public defender, likewise was unsuccessful.[10]   Since then, the Defendant

has pursued a stream of mostly unsuccessful *pro se* litigation.

2.      In this motion, the Defendant states that he has made several requests for

the transcripts from the Court, the Office of the Public Defender, and the Attorney

General without success.[11]   In support of his request for his trial transcripts, he quotes

*Griffin v. Illinois,* "Indigent defendants sentenced to death are provided with a free

transcript at the expense of the county where convicted,"[12] and the 1975 version of

Delaware Supreme Court Rule 10A, "In any appeal from a conviction of crime by an

indigent defendant, if indigency is evidenced by appointment of counsel by the

Superior Court in the trial below, or by the filing of a pauper's oath in this Court,

payment of the docket fee provided by Rule 24(1) shall be waived."[13] The Motion

also includes the following quotation without attribution: "In any such case the

appellant, if he requests it, **shall be furnished without charge with a copy of the**

**transcript of the testimony…**"[14] (emphasis in Motion.)

3.      The short answer, of course, is that the Defendant's case is not a capital

case and was not a capital case even before his direct appeal was resolved.[15] A longer

---

[10] *Hobbs v. State,* 538 A.2d 723 (Del. 1988).

[11] D.I. 291.

[12] 351 U.S. 12, 14 (1956).

[13] D.I. 291, at ¶ 7.

[14] *Id.,* at ¶ 8.

[15] The Delaware Supreme Court effectively vacated the Defendant's death sentence,

answer is that the cited quote from *Griffin* was not its holding, but merely a statement of Illinois law.[16] The United States Supreme Court held that Griffin, who was indigent, but not under a death sentence, could not be denied adequate appellate review solely because he was unable to afford transcripts of his trial.[17] Here, the Defendant has been afforded not only adequate direct appellate review with the assistance of counsel, but adequate postconviction review and postconviction appellate review also with the assistance of counsel. In each instance, his counsel had the benefit of the trial transcripts. As a result, the Defendant's rights to adequate appellate review, insured by *Griffin* and former Rule 10A, have been fully respected.

4. The Defendant also alleges that he did not authorize any of the attorneys who represented him in *Spence* or in his direct appeal to enter their appearances on his behalf.[18] In fact, he contends that he opposed representation by the Public Defender because F. L. Peter Stone "of the Public Defender's Office"[19] represented a co-defendant whose interests were adverse to those of the Defendant, resulting in

---

along with those of the other capital defendants under a death sentence when it answered certified questions in *Spence* in 1976. His direct appeal was decided in 1980.

[16] *Griffin,* at 14.

[17] *Id.,* at 19.

[18] D.I. 291, at ‖ 13.

[19] The Supreme Court's Opinion in the Defendant's direct appeal identifies Mr. Stone as an attorney with the firm of Connolly, Bove & Lodge representing Clarence Hooks, Wilbur Johnson, and the Defendant. *Hooks*, at 192.

a conflict of interest.[20] He maintains that possession of his transcripts by the Public Defender and Mr. Stone was "done without his permission and against his will and possibly illegally."[21] He argues that he "was denied his right to read and study his own transcripts and to participate in what issues would ultimately be argued as appealable errors" effectively denying him a "true direct appeal and assistance of counsel."[22]

5. The Defendant's direct appeal was decided on May 30, 1980, more than 40 years ago.[23] In its last decision on what it treated as a motion under Superior Court Criminal Rule 61, the Court observed:

> This Motion, at least the Defendant's sixth and likely his seventh, is barred for multiple reasons. It is untimely, having been filed more than a year (actually more than three decades) after the Defendant's judgment of conviction became final. It is a successive motion that does not satisfy the pleading requirements of Rules 61(d)(2)(i) or (d)(2)(ii). It is subject to procedural default because it raises grounds for relief not previously asserted without showing cause for relief from the procedural default and prejudice from a violation of his rights.[24]

"An application for transcripts is addressed to the sound discretion of this court."[25]

---

[20] *Id.,* at ℙℙ 14-16.
[21] *Id.* at ℙℙ 18, 19.
[22] *Id.,* at ℙ 19.
[23] *Hooks,* at 192.
[24] *State v. Hobbs,* 2019 WL 1902607, at *2 (Del. Super. Ct. Apr. 23, 2019) .
[25] *State v. Duonnolo,* 2009 WL 3681674, at *1 (Del. Super. Ct. Nov. 4, 2009).

There is nothing before the Court now that warrants the Court providing the Defendant with a complete copy of his trial transcripts or ordering the State or Office of Defense Services to provide them to him. Nor, based on the Court's earlier observation, is there likely to be a sufficient reason in the future. The Court does not envision itself entertaining ineffective assistance of counsel and related claims that should and could have been litigated more that forty years ago. When viewed in its proper context, the Defendant's claim is that the State and/or the Office of Defense Services possess property that is rightfully his. The Defendant's closed criminal case is not the proper vehicle for seeking the transcripts of a trial that occurred 46 years ago.

**THEREFORE,** the Defendant's Motion for Transcripts in Capital Case is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.